Matter of Barton LLP v Maybank (2024 NY Slip Op 00019)

Matter of Barton LLP v Maybank

2024 NY Slip Op 00019

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Singh, J.P., Scarpulla, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 654372/22 Appeal No. 1342 Case No. 2023-02968 

[*1]In the Matter of a Fee Dispute Arbitration Between Barton LLP, Petitioner-Respondent,
v
Alexis Maybank, Respondent-Appellant.

The Sultzer Law Group, P.C., Poughkeepsie (Philip J. Furia of counsel), for appellant.
Barton LLP, New York (Orrit Hershkovitz of counsel), for respondent.

Judgment, Supreme Court, New York County (Laurence L. Love, J.), entered March 7, 2023, granting the petition to confirm an arbitration award in favor of petitioner and denying respondent's motion to dismiss the petition and vacate the award, unanimously affirmed.
Respondent failed to establish any grounds for vacating the arbitration award (see CPLR 7511[b]; Matter of Brown & Williamson Tobacco Corp. v Chesley, 7 AD3d 368, 372 [1st Dept 2004]). Respondent contends that the arbitration panel exceeded its power by determining the parties' fee dispute because it was "inextricably intertwined" with her allegations of malpractice, which could not properly have been considered by the arbitrators under the Rules of the Chief Administrator of the Courts (22 NYCRR) part 137. However, respondent did not assert any "claim" of malpractice in arbitration. Indeed, the fee dispute was the only claim that was heard and resolved by the arbitration panel, which did not address respondent's conclusory malpractice allegations. Further, neither the plain terms of 22 NYCRR part 137 (e.g. 22 NYCRR 137.1[b][3]) nor the parties' engagement letter precluded the arbitration panel from hearing or determining petitioner's claim for unpaid fees.
Respondent's reliance on Filemyr v Hall (186 AD3d 117 [1st Dept 2020]) is misplaced, because in Filemyr we addressed whether a lawyer's service on a client of an untimely notice to arbitrate barred the lawyer's contract action for unpaid fees, an issue not raised in this action.
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2024